```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**UNITED STATES OF AMERICA,**

      **Plaintiff**

v.                                                  Civil Action No. 2:10-1087
                                                                               (Lead action)

**$88,029.08, More or Less,
in United States Currency,**

**UNITED STATES OF AMERICA,**

      **Plaintiff**

v.                                                  Civil Action No. 2:11-0101
                                                                               (Consolidated action)

**$27,671.50, MORE OR LESS,
IN UNITED STATES CURRENCY**

      **Defendant**

**IN THE MATTER OF THE SEIZURE
OF PROCEEDS ON DEPOSIT IN ACCOUNT
NOS. XXXXXX3002 AND XXXXXX7905,
WESBANCO BANK, WHEELING, WV,
IN THE NAME OF KATHERINE A. HOOVER**

                                                                    Magistrate Case No. 2:10-mj-0029
                                                                         (Closed action)

**IN THE MATTER OF THE SEARCH OF THE
BEDROOM USED BY DR. KATHERINE A. HOOVER
LOCATED AT 110 WEST SECOND AVENUE
WILLIAMSON, WV**

                                                                    Magistrate Case No. 2:10-mj-0035
                                                                         (Closed action)

**Interested parties:
Katherine Anne Hoover, M.D.
John F. Tomasic**

## MEMORANDUM OPINION AND ORDER

Pending are a number of motions in the above-styled actions which the court lists in tabular form below for ease of reference:

| Case | Date | Dk. | Requested Relief |
|---|---|---|---|
| 2:10-1087<br>2:11-0101 | 06/24/2011<br>03/15/2011 | 67<br>06 | Interested parties' motions to dismiss the fraudulent untimely <u>in</u> <u>rem</u> action. |
| 2:11-0101<br>2:10-1087 | 03/17/2011 | 08<br>68 | Interested parties' verified motions to dismiss <u>in</u> <u>rem</u> action for failure to state a claim. |
| 2:10-1087<br>2:11-0101 | 06/24/2011<br>03/29/2011 | 72<br>15 | Interested party Katherine Hoover's motions requesting the court to rule on a perjury charge against an Assistant United States Attorney and a federal law enforcement agent. |
| 2:10-1087<br>2:11-0101 | 06/24/2010<br>04/01/2011 | 73<br>16 | United States' motions for a hearing concerning docket entries 8 and 15 above. |
| 2:10-1087<br>2:11-0101 | 06/24/2011<br>04/08/2011 | 76<br>19 | United States' motions to dismiss. |
| 2:10-1087<br>2:11-0101 | 06/24/2011<br>04/08/2011 | 77<br>20 | United States motions for entry of a certificate of reasonable cause. |
| 2:10-1087<br>2:11-0101 | 06/24/2011<br>04/08/2011 | 80<br>24 | Interested parties' motions for summary judgment. |
| 2:10-1087<br>2:11-0101 | 06/24/2011<br>04/21/2011 | 79<br>23 | Interested parties' motions to remove the assigned Assistant United States Attorney. |
| 2:10-0029<br>2:10-0035 | 04/21/2011 | 30<br>30 | Interested parties' appeals of a December 21, 2010, order entered by the United States Magistrate Judge. |
| 2:10-1087 | 04/21/2011 | 58 | Interested parties' motion to clarify an order entered April 12, 2011. |
| 2:10-1087<br>2:11-0101 | 06/13/2011<br>06/13/2011 | 62<br>26 | Interested parties' motions for a grand jury investigation. |
| 2:10-1087<br>2:11-0101<br>2:10-0029<br>2:10-0035 | 06/24/2011<br>06/24/2011<br>06/24/2011<br>06/24/2011 | 65<br>29<br>32<br>32 | Interested parties' motion for consolidation. |
| 2:10-1087 | 07/13/2011 | 84 | United States' motion to modify the scheduling order. |

2

| 2:10-1087 | 07/18/2011 | 85 | Interested parties' request for an order regarding subject matter jurisdiction. |
|---|---|---|---|
| 2:10-1087 | 07/18/2011 | 86 | Interested parties' request for an order returning $27,671.50 with prejudice. |
| 2:10-1087 | 07/22/2011 | 87 | Request for an order removing the Assistant United States Attorney. |
| 2:10-1087 | 07/22/2011 | 88 | Motion for a grand jury investigation into actions by agents of the federal government and the United States Judiciary. |

The interested parties' request that the court "rule on a perjury charge" against an Assistant United States Attorney and a federal law enforcement agent ("motion for a perjury charge" (dckt. nos. 72, 15)).  The motions actually "request[] that perjury charges be filed against" the two federal officials. (Mots. at 1).  The request is answered by no less than the Fifth Amendment, which provides pertinently that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . ."  U.S. Const. amend. V (emphasis added).

In sum, the Executive Branch is the decision maker respecting presentment.  United States v. Ashley Transfer & Storage Co., Inc., 858 F.2d 221, 224 (4th Cir. 1988) ("In our system, courts are not free to 'interfere with the free exercise of the discretionary powers of the attorneys of the United States in their control over criminal prosecutions.'") (quoting United

States v. Cox, 342 F.2d 167, 171 (5th Cir. 1965)). The court, accordingly, ORDERS that the motions for a perjury charge (dckt. nos. 72, 15) be, and they hereby are, denied.

The United States' moves to dismiss civil action 2:11-0101 (dckt. nos. 76, 19). It asserts that, after obtaining additional bank records respecting the account holding the monies for which forfeiture was sought, it is apparent that the sums therein neither constitute, nor are traceable to, proceeds from the illegal distribution of controlled substances.

Based upon this admission, it is ORDERED that the United States' motions to dismiss civil action 2:11-0101 (dckt. nos. 76, 19) be, and they hereby are, granted. It is further ORDERED that the United States Marshal Service be, and it hereby is, directed forthwith to return the seized currency to the interested parties and to reflect their receipt of the monies within the record of this case.

In view of this foregoing disposition, it is further ORDERED that the interested parties' (1) motions to dismiss civil action 2:11-0101 as fraudulent and untimely (dckt. nos. 67, 6), (2) verified motion to dismiss civil action 2:11-0101 for failure to state a claim (dckt. nos. 68, 8), (3) motion for summary

judgment (dckt. nos. 80, 24), and (4) interested parties' request for an order returning $27,671.50 with prejudice (dckt. no. 86) be, and they hereby are, denied as moot.

Further, in view of the disposition of the United States' motions to dismiss and the interested parties' motions concerning a perjury charge against an Assistant United States Attorney and federal law enforcement agent, it is ORDERED that the United States' motion for a hearing as to those dual requests (dckt. nos. 73, 16) be, and they hereby are, denied as moot.

The United States also moves for entry of a certificate of reasonable cause pursuant to 28 U.S.C.A. § 2465 (dckt. nos. 77, 20).  Section 2465(a)(2) provides as follows:

> Upon the entry of a judgment for the claimant in any proceeding to condemn or forfeit property seized or arrested under any provision of Federal law--
>
>    . . . .
>
>    (2) if it appears that there was reasonable cause for the seizure or arrest, the court shall cause a proper certificate thereof to be entered and, in such case, neither the person who made the seizure or arrest nor the prosecutor shall be liable to suit or judgment on account of such suit or prosecution, nor shall the claimant be entitled to costs, except as provided in subsection (b).

**Id.**

The court defers ruling on the matter pending the conclusion of the lead action. The court, accordingly, ORDERS that the motions for entry of a certificate of reasonable cause (dckt. nos. 77, 20) be, and they hereby are, denied without prejudice.

The interested parties' seek to remove the assigned Assistant United States Attorney ("AUSA") inasmuch as they view her as a witness ("motions to remove") (dckt. nos. 79, 23, 87). The interested parties assert that the AUSA "will be required to give evidence as to when she knew that [sic] facts regarding the origin of the $27,671.50." (Mot. to Rem. at 1). It is not apparent at this time that the AUSA is properly characterized as a witness. The court, accordingly, ORDERS that the motions to remove (dckt. nos. 79, 23, 87) be, and they hereby are, denied without prejudice.[1]

The interested parties' appeals filed in the search warrant actions, 2:10-0029 and 2:10-0035 (dckt. nos. 30, 30), were adjudicated by the memorandum opinion and order entered in each of those cases by the undersigned on April 12, 2011. The

---

[1] The motions to remove also seeks disciplinary action against the AUSA and the federal law enforcement agent "for lying to the Court." (Mots. to Remove at 3). Inasmuch as no basis presently exists for making such a finding, the court declines the request.

court, accordingly, ORDERS that the appeals (dckt. nos. 30, 30) be, and they hereby are, dismissed.

Additionally, magistrate judge actions 2:10-0029 and 2:10-0035 have been resolved and final orders have been entered therein. The interested parties are directed to make all further filings in the lead civil action. Irrespective of the style used by the interested parties, the Clerk is directed to treat any attempted future filings in the search warrant actions as filings herein and docket them accordingly.

The interested parties' motion to clarify the April 12, 2011, order (dckt. no. 58) appears to seek reconsideration of their earlier request to recuse the magistrate judge. There is no basis for either recusal or reconsideration. The court, accordingly, ORDERS that the motion to clarify (dckt. no. 58) be, and it hereby is, denied.[2]

The interested parties' motions for a grand jury investigation (dckt. nos. 62, 26, 88) relate to their contentions that certain federal officials unlawfully raided Dr. Katherine Hoover's medical practice, illegally seized two bank accounts,

---

[2] To the extent that the interested parties seek at this point a ruling on the merits respecting their entitlement to the seized money involved in the lead action, the request is premature and denied without prejudice.

and engaged in other misdeeds. The requested relief appears beyond that which the court might lawfully allow. See Fed. R. Crim. Proc. 6(a) (noting the court's authority only to summon a grand jury); United States v. Williams, 504 U.S. 36, 47 (1992) ("Judges' direct involvement in the functioning of the grand jury has generally been confined to the constitutive one of calling the grand jurors together and administering their oaths of office."); In re Grand Jury Proceedings, 142 F.3d 1416, 1424-25 (11th Cir. 1998) ("Historically, the grand jury has operated as an autonomous body, independent of the court or prosecutors.") (citing Stirone v. United States, 361 U.S. 212, 218 (1960) (explaining that constitutional right to grand jury indictment presupposes a "group of fellow citizens acting independently of either prosecuting attorney or judge").

The court, accordingly, ORDERS that the motions for a grand jury investigation (dckt. nos. 62, 26, 88) be, and they hereby are, denied.

The interested parties' four motions for consolidation (dckt. nos. 65, 29, 32, 32) filed in each of the above-styled civil actions are addressed by the June 24, 2011, order entered by the magistrate judge. The court, accordingly, ORDERS that the motions for consolidation be, and they hereby are, denied as moot.

On July 18, 2011, the interested parties moved in civil action 2:10-1087 for "AN ORDER OF SUBJECT MATTER JURISDICTION" (dckt. no. 85). The interested parties ask the court to issue an order recognizing that the practice of medicine is regulated by the states and not the federal sovereign. This request is a variant of the numerous prior subject matter jurisdiction challenges lodged by the interested parties. They, in essence, seek to divest the United States of the power to prosecute this forfeiture action.

Treating the request as a challenge pursuant to Rule 12(b)(1), the governing standards are clear. Subject matter jurisdiction may be challenged in one of two ways. <u>Kerns v. United States</u>, 585 F.3d 187, 192 (4th Cir. 2009) (citing <u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir. 1982)). The interested parties appear to rely upon the first means, namely, contending "'that . . . [the verified] complaint simply fails to allege facts upon which subject matter jurisdiction can be based.'" <u>Id.</u> (citation omitted). This type of a facial challenge to subject matter jurisdiction results in plaintiff being "'afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration.'" <u>Id.</u> (citation omitted). In other words, "the facts alleged in the complaint are taken as true, and

9

the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Id.

Title 28 U.S.C. § 1345 provides in pertinent part as follows:

> [T]he district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.

28 U.S.C. § 1345.

This civil action is one of the type contemplated by section 1345. It is an in rem proceeding instituted pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 983(a)(3)(A). Section 881(a)(6) provides pertinently as follows:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them:
>
> . . . .
>
> All moneys . . . or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys . . . used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6). Section 983(a)(3) provides pertinently as follows:

> Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in

>      the manner set forth in the Supplemental Rules for
>      Certain Admiralty and Maritime Claims or return the
>      property pending the filing of a complaint . . . .

18 U.S.C. § 983(a)(3)(A).

The United States alleges, <u>inter alia</u>, that Dr. Hoover served as a physician at Mountain Medical Care Center, LLC, in Williamson.  During that time, the United States further asserts that she conspired with others to unlawfully obtain and distribute hydrocodone and alprazalom, schedule III and IV controlled substances, in violation of 21 U.S.C. §§ 846 and 841(a)(1).

In <u>United States v. Singh</u>, 54 F.3d 1182, 1186 (4th Cir. 1995), our court of appeals noted as follows:

>      To convict a physician of distributing a controlled
>      substance in violation of § 841, the Government must
>      prove the following three elements. First, it must show
>      that the defendant "distributed or dispensed a
>      controlled substance."  Second, it must prove that, in
>      doing so, "he acted knowingly and intentionally."
>      Finally, and most importantly for our purposes, the
>      evidence must show that the defendant's "actions were
>      not for legitimate medical purposes in the usual course
>      of his professional medical practice or [were] beyond
>      the bounds of medical practice."

<u>Id.</u> at 1186-87 (citations omitted).

Paragraphs 10(A) and (B) of the complaint allege in particular as follows:

11

> (A) In 2004, Dr. Hoover was one of four physicians working at the clinic at that time. The clinic averaged 150 patients per day but on busy days that number could easily increase to 300 to 400 patients per day. Typically the money generated from the first week of the month paid all salaries and overhead expenses and the remaining three weeks income was pure profit for the business.
>
> (B) Approximately 70% of patients seen at the clinic paid in cash, paying $450 for a first time patient and $150 for established patients . The clinic generally only accepted insurance from individuals involved in Kentucky due to "P.I.P.", a Kentucky based private insurance program which guaranteed the clinic the sum of $10,000 per patient. Patients were then transferred to the Aquatic Rehab Center until the $10,000 was exhausted. The patient then became a cash patient, returning to the clinic on a monthly basis.
>
> (C) Dr. Hoover was known by clinic staff and patients to prescribe pain medication "to anyone." As a result, her prescribing practices generated the largest income for the clinic.

(Verif. Compl. ¶¶ 10(A)-(C); see also ¶ 11 ("Prescription records of the West Virginia Board of Pharmacy, for the period December 2002 through January 25, 2010, reveal that Dr. Katherine Hoover was the number one prescriber of controlled substances in West Virginia, based upon the number of prescriptions filled under her DEA registration number as reported by pharmacies in West Virginia. Since December 2002, there have been 355,132 prescriptions for controlled substances issued under her DEA number.")).

Paragraph 18 of the verified complaint further alleges as follows:

> Proceeds generated by the Mountain Medical Care Center have been deposited into . . . [an individual's] BB&T accounts and thereafter, have been transferred in part into Hoover's WesBanco Account No. XXXXXXXX7905, through the form of checks drawn on the . . . [individual's] account. Accordingly, the defendant currency totaling $85,127.08, representing the balance of WesBanco Account No. XXXXXXXX7905, seized pursuant to a federal seizure warrant, constitutes proceeds traceable to one or more controlled substance violations and, therefore, is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

(Verif. Compl. ¶ 18).

The allegations of the verified complaint, taken as true, and read in concert with the aforementioned statutes, sufficiently allege subject matter jurisdiction. Based upon the foregoing, it is ORDERED that the motion for an order regarding subject matter jurisdiction (dckt. 85) be, and it hereby is, denied.[3]

---

[3] Dr. Hoover has apparently already refused to appear for a deposition based upon her meritless challenge of subject matter jurisdiction. While the interested parties may wish to preserve their challenge to subject matter jurisdiction for purposes of any appeal following the entry of final judgment herein, any further challenge by them on the same grounds as those dealt with herein would be inappropriate. Absent unforeseen new grounds, any future challenge to subject matter jurisdiction in this court will be dealt with summarily and perhaps suggest the imposition of appropriate sanctions.

Finally, the United States has moved for modification of the scheduling order (dckt. no. 84).  It notes that it has attempted, without success, to depose Dr. Hoover so that its potential expert witness will be able to evaluate her actions for purposes of preparing the report contemplated by Rule 26(a)(2).  The United States adds, <u>inter</u> <u>alia</u>, that Dr. Hoover's unwillingness to comply with its requests thus far has hampered its ability to determine the written discovery that must be served in the case.

Inasmuch as the magistrate judge authored the schedule entered April 20, 2011, the court leaves to her the entry of a revised schedule.  The court, however, ORDERS that the United States be, and it hereby is, relieved of its further obligations under the April 20, 2011, scheduling order pending the magistrate judge's consideration of the matter.

The court ORDERS that this action be, and it hereby is, referred anew to the magistrate judge for further action that she deems appropriate.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented interested parties.

DATED: August 8, 2011

John T. Copenhaver, Jr.
United States District Judge